## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN E. SHACKNAI, | |
| Plaintiff, | CASE NO. 5:25-cv-07340 |
| v. | |
| IQ DATA INTERNATIONAL, INC., | |
| Defendant. | |

## COMPLAINT

**NOW COMES** JUSTIN E. SHACKNAI ("Plaintiff"), by and through his undersigned counsel, complaining of IQ DATA INTERNATIONAL, INC., ("Defendant") as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), pursuant to 73 P.S. 2270.1 *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") pursuant to 73 P.S. 201-1 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.      JUSTIN E. SHACKNAI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Coatesville, Pennsylvania.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      IQ DATA INTERNATIONAL, INC., ("Defendant") maintains its principal place of business in Bothell, Washington.

8.      Defendant is a debt collection agency that collects debts from consumers nationwide.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7914.

11.     At all times relevant, Plaintiff occupied the cellular phone number ending in 7914.

12.     In the fall of 2025, Plaintiff moved out of his apartment with Jefferson at Westtown.

13.     Plaintiff's father was a guarantor on his lease with Jefferson at Westtown.

14.     Plaintiff was informed he owed an addition $972.43 ("subject debt") beyond the security deposit.

15.     On October 14, 2025, Plaintiff provided the office manager of Jefferson at Westtown a certified check for $972.43, the full amount he allegedly owed.

16.     That same day, he was provided with a move-out statement showing a ZERO balance owed to the apartment complex.

2

17.    On October 22, 2025, despite this statement provided to Plaintiff, Defendant reported that Plaintiff still owed the subject debt and he was placed in collections with a 6% interest.

18.    Plaintiff and Plaintiff's father began to receive phone calls from Defendant to his cellular phone.

19.    At no point in time did Plaintiff provide Defendant with his cellular phone number.

20.    Frustrated with Defendant's relentless calls, Plaintiff requested that Defendant cease calls to his cellular phone.

21.    During these phone calls, Defendant's representative advised Plaintiff that it was attempting to collect an alleged outstanding bill allegedly owed to Jefferson at Westtown ("subject debt").

22.    Defendant has placed numerous collection calls to Plaintiff's cellular phone after Plaintiff requested that the harassing collection calls cease.

23.    Despite Plaintiff's request that Defendant cease its harassing collection calls and verify the debt had been satisfied, Defendant continued placing harassing collection calls to Plaintiff's cellular phone, demanding payment.

24.    Defendant places its harassing collection calls from various numbers, including (302)304-3166, (302) 304-3163, and (302) 304-3164

25.    Defendant also informed Plaintiff that the subject debt would be reported to the credit bureaus.

26.    On December 5, 2025, concerned with adverse reporting on his father's credit score, Plaintiff paid Defendant the subject debt, that had already been paid to the original creditor, **resulting in double payment for the same debt.**

3

## DAMAGES

27.     Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

28.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: financial harm; invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

29.      Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

30.     Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATIONS OF THE Fair Debt Collection Practices Act
#### a.  Violations of FDCPA §1692c

31.     Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

32.     As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

33. Despite being notified that its collection calls were unwanted and the debt had been paid, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

34. Defendant violated § 1692c(a)(1) when it placed numerous collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient to Plaintiff.

35. In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA §1692d

36. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

37. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38. Defendant violated §§ 1692d and d(5) when it placed numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to stop and informed the debt had been paid.

39. Defendant's conduct in systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

40. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone on a debt that had been satisfied.

41.    The fact that Defendant knowingly placed calls to Plaintiff after the subject debt was paid and Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

c.    **Violations of FDCPA §1692e**

42.    Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

43.    Defendant violated §1692e of the FDCPA by falsely representing to Plaintiff that they still owed a debt when there was no debt owed.

44.    As set forth above, Defendant was aware the debt had been fully satisfied, but refused to verify and continued to attempt to collect on the debt.

d.    **Violations of FDCPA §1692f**

45.    Section 1692f of the FDCPA prohibits a debt collector from using unfair and unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

46.    Defendant violated §1692f of the FDCPA by continuing to attempt to collect the subject debt belonged to Plaintiff despite having actual knowledge that the debt was not owed.

47.    Upon information and belief, Defendant continued attempts to collect the subject debt from Plaintiff in an effort to extort Plaintiff into making a payment on a debt that was not owed in order to get it removed from his and his father's credit report

48.    Defendant's collection on an illegitimate debt that they were not authorized to collect by statute is inherently unfair and unconscionable and violates the FDCPA.

e.    **Violations of FDCPA §1692g(a)**

49.     15 U.S.C. §1692g(a) requires a debt collector to send the consumer a written notice containing information regarding the debt it is attempting to collect within 5 days of the initial communication with the consumer.

50.     The required disclosures are commonly referred to as the "validation notice."

51.     Defendant violated §1692g(a) by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff.

52.     As a result of Defendant's failure to provide Plaintiff with information regarding the subject debt, Plaintiff was deprived of critical information required by the FDCPA.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a.      Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.      Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.      Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.      Awarding any other relief as this Honorable Court deems just and appropriate.

COUNT II – VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

53. All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

54. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3.

55. Defendant is a "debt collector" as defined by 73 P.S. § 2270.3(1).

56. The subject debt is a "debt" as defined by PA ST 73 P.S. § 2270.3 as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a.    **Defendant's Violations of PFCEUA § 2270.4(b)(6)**

57. The PFCEUA, pursuant 73 P.S. § 2270.4(a) states that "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act".

58. Defendant violated § 2270.4(a) of the PFCEUA by making multiple clear violations of the Fair Debt Collection Practices Act, as mentioned above.

59. Defendant violated Sections 1692c, 1692d, 1692(e), 1692(f) and 1692g of the FDCPA, when it (1) placed numerous collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient to Plaintiff; (2) placed numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to stop; (3) collecting on an debt that was already satisfied and (4) failed to send Plaintiff a validation notice within five days of its initial communication.

60. By violating the FDCPA, including Sections 1692c, 1692d, 1692(e), 1692(f) and 1692g, Defendant violated § 2270.4(a) of the PFCEUA.

61. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    Awarding Plaintiff actual damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

c.    Award Plaintiff treble damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

d.      Award Plaintiff reasonable attorney's fees and costs pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

e.      Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

62.     All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

63.     Plaintiff is a "person" as defined by 73 P.S. § 201-2(2).

64.     Defendant's conduct in connection with the subject debt constitutes "trade" and "commerce" as defined by 73 P.S. § 201-2(3) of the PUTPCPL.

61.     The PUTPCPL prohibits entities from "Engaging in any . . . fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. 201-2(4)(xxi).

a.      **Violations of the PUTPCPL through violations of the PFCEUA**

62.     The PFCEUA, pursuant to 73 P.S. § 2270.5(b), provides that any violation of the PFCEUA constitutes an unfair or deceptive act in violation of the PUTPCPL.

63.     By virtue of Defendant's repeated violations of the PFCEUA, Defendant has similarly violated the PUTPCPL.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.      Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.      Awarding Plaintiff actual damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

c.      Award Plaintiff treble damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

d.      Award Plaintiff reasonable attorney's fees and costs pursuant to 73 P.S. § 2270.5(a)

and 73 P.S. § 201-9.2(a);

e.      Awarding any other relief as this Honorable Court deems just and appropriate.


## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


Dated: December 26, 2025                    Respectfully submitted,

                                            /s/ *Alexander J. Taylor*
                                            Alexander J. Taylor, Esq.
                                            Sulaiman Law Group, Ltd.
                                            2500 S Highland Ave, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (630) 575-8181
                                            Fax: (630) 575-8188
                                            ataylor@sulaimanlaw.com
                                            *Counsel for Plaintiff*